**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBORAH J.M. OBERG, | No.    14-35820 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05581-RJB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 30, 2017**

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Deborah Oberg appeals the district court's decision affirming the

Commissioner of Social Security's denial of Oberg's application for social security

disability insurance benefits under Title II of the Social Security Act.  We have

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ reasonably concluded that Oberg's change in age categories from the category of "a younger person" to that of "a person closely approaching advanced age" did not overcome the presumption of continuing non-disability with respect to a 2003 decision finding that Oberg was not disabled.  The ALJ correctly determined that Oberg's change in age categories does not affect the determination of her residual functional capacity, the testimony of the vocational expert, or other determinative aspects of the prior decision.  Because Oberg was found to be able to perform light work, a change in age from "younger individual" to "closely approaching advanced age" does not represent a change from not disabled to disabled under the Medical-Vocational Guidelines.  20 C.F.R. pt. 404, subpt. P, app. 2.

Oberg's new evidence in the form of lay witness testimony did not establish changed circumstances to overcome the presumption of continuing non-disability.  Here, the ALJ properly gave little weight to the lay witness declarations for the following reasons: (1) they were inconsistent with Oberg's reports regarding the frequency of their contact; (2) their broad statements did not shed additional light on the relevant period at issue; (3) their statements did not demonstrate any worsening in Oberg's condition; and (4) their statements were inconsistent with the

14-35820

medical evidence. The ALJ reasonably determined that the lay accounts conflicted with Oberg's statement that she saw no one regularly. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (inconsistency between a lay witness statement and claimant testimony is a germane reason to reject lay witness testimony). Oberg does not challenge the ALJ's finding that the lay witnesses did not tailor their statements to the period at issue. The ALJ did not err in discrediting the lay accounts because of inconsistency with the medical record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Having appropriately rejected the testimony contradicted by the record, the ALJ reasonably determined that the lay accounts did not suggest that Oberg's condition had worsened during the relevant time period. Although the ALJ erred in rejecting the lay witnesses' declarations as inconsistent with Oberg's presentation, the ALJ gave additional germane reasons to reject the lay testimony, rendering such error harmless. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Oberg argues that the period at issue with respect to the lay witness testimony should run from August 9, 2003 (the day after the 2003 decision) to her date last insured, June 30, 2005 and not the period that the ALJ set from April 6, 2005 (the day prior to Oberg's 50th birthday) to June 30, 2005. Oberg asked the ALJ to consider the effect of her changed age category on her disability status. Thus, the ALJ did not err in looking to the time at which the change took place.

14-35820

Moreover, even if the ALJ had accepted Oberg's argument, the decision would be the same; the ALJ reasonably found that the lay witnesses did not show that Oberg's condition worsened since 2003.

**AFFIRMED.**